J-S50041-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RICKY ROUSE | : | |
| Appellant | : | No. 709 WDA 2019 |

Appeal from the PCRA Order Entered April 15, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004190-2009

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    FILED NOVEMBER 8, 2019

Appellant, Ricky Rouse, appeals pro se from the order of the Court of Common Pleas of Allegheny County (trial court) that dismissed his fourth petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. We affirm.

In 2010, Appellant was convicted by a jury of first degree murder, carrying a firearm without a license, and conspiracy for the 2009 shooting death of Antoine Cooper (the victim). The victim was shot on February 24, 2009, at approximately 4:30 in the afternoon in Northview Heights, a neighborhood in the North Side of the city of Pittsburgh. Commonwealth v.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

Rouse, 1026 WDA 2011 at 1 (Pa. Super. filed August 6, 2012) (unpublished memorandum). The Commonwealth's theory of the case was that Appellant shot the victim in retaliation for an earlier shooting. Id. at 1-2.

At trial, Gary Vavrek, a UPS employee who was making a delivery at the time of the shooting near the block of Hawkins Street where the victim was shot, testified that he heard three or four rapid-fire gunshots that sounded like they came from Hawkins Street and saw two men running from Hawkins Street, getting into a vehicle in the middle of the street behind his UPS truck, and fleeing the scene. N.T. Trial, 9/30/10, at 80-88, 94-96. Vavrek testified one of the two men had a semi-automatic pistol in his hand and that the man with the gun entered the passenger side of the vehicle. Id. at 90-93. Vavrek identified Appellant as the man who was holding the gun. Id. at 93-94, 110. Vavrek wrote down the license plate number, Pennsylvania plate YST7432, as the vehicle passed his truck when it drove away. Id. at 95-96. The vehicle was recovered by the police on February 25, 2009 and tested for fingerprints, and Appellant's fingerprint was found on outside of the front passenger door of the vehicle. N.T. Trial, 10/1/10, at 309-11, 320-25, 344-48.

Following his convictions, Appellant was sentenced to life in prison on December 21, 2010. On August 6, 2012, this Court affirmed Appellant's judgment of sentence and the Supreme Court denied Appellant's petition for allowance of appeal on February 13, 2013. Commonwealth v. Rouse, 60 A.3d 559 (Pa. Super. 2012) (unpublished memorandum), appeal denied, 63

A.3d 776 (Pa. 2013). Appellant filed a timely first PCRA petition on January 28, 2014, which the trial court denied without a hearing. This Court affirmed the denial of that PCRA petition on September 19, 2016, and the Pennsylvania Supreme Court denied allowance of appeal on March 29, 2017. Commonwealth v. Rouse, 158 A.3d 182 (Pa. Super. 2016) (unpublished memorandum), appeal denied, 169 A.3d 30 (Pa. 2017). On March 9, 2015, Appellant filed a second PCRA petition, which he subsequently voluntarily dismissed. On April 29, 2017, Appellant filed a third PCRA petition that the trial court dismissed without a hearing. Appellant appealed the dismissal of his third PCRA and this Court affirmed the dismissal of that petition on August 21, 2018. Commonwealth v. Rouse, 195 A.3d 1014 (Pa. Super. 2018) (unpublished memorandum).

On October 5, 2018, Appellant filed the instant fourth PCRA petition. In this PCRA petition, Appellant sought relief based on criminal charges that were filed on January 26, 2018 against former homicide detective Margaret Sherwood, who worked on the investigation of the shooting and testified at Appellant's trial. Fourth PCRA Petition at 3, 8-25. Following the Commonwealth's answer to the PCRA petition, the trial court, on February 6, 2019, issued an order giving notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's amended PCRA petition without a hearing on the ground that the criminal charges against Detective Sherwood would not support a new trial because they were solely impeachment evidence and would not have

changed the result of the trial. Trial Court Order, 2/6/19. This Rule 907 notice gave Appellant until April 1, 2019 to submit a response. On April 15, 2019, the trial court dismissed the PCRA petition. This timely appeal followed.

Appellant raises the following two issues for our review:

I. Whether the PCRA court erred in denying appellant's PCRA petition, alleging after-discovered evidence that impacted the admissibility of an eyewitness' identification.

II. Whether the PCRA court erred in denying appellant's PCRA petition, without an evidentiary hearing raising genuine issues.

Appellant's Brief at 4. Our review of the denial of a PCRA petition is limited to determining whether the record supports the PCRA court's ruling and whether its decision is free of legal error. Commonwealth v. Williams, 196 A.3d 1021, 1026-27 (Pa. 2018); Commonwealth v. G.Y., 63 A.3d 259, 265 (Pa. Super. 2013).

Initially, we must address whether the PCRA petition at issue in this appeal was timely filed. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). Appellant's judgment of sentence became final on May 14, 2013, upon the expiration of the ninety day period to seek review with the United States Supreme Court after the denied of his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3). The instant 2018 PCRA petition was not filed within that one-year period, which expired on May 14, 2014.

- 4 -

A PCRA petition may be filed beyond the one-year time period, however, if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petition invoking such an exception must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

_____

[2] At the time that Appellant filed this PCRA petition in October 2018, Section 9545(b)(2) required that a PCRA petition invoking an exception "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (in effect January 16, 1996 to December 23, 2018). While Appellant's PCRA petition was pending, Section 9545(b)(2) was amended to provide that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 2. The Act amending Section 9545(b)(2) provided that the one-year period applies to claims arising on or after December 24, 2017. Act of October 24, 2018, P.L. 894, No. 146, §§ 3, 4. Because Appellant's PCRA petition is based on criminal charges filed in 2018, after December 24, 2017, the one-year period applies here.

Appellant asserted in his PCRA petition that the petition was timely under the exception in Section 9545(b)(1)(ii) for newly discovered facts. PCRA Petition at 4-8, 10-12, 27. We agree that Appellant satisfied the requirements of Section 9545(b)(1)(ii). Appellant's PCRA petition was based on new facts, the criminal charges against Detective Sherwood and the misconduct that the criminal charges brought to light, and those facts were unknown to Appellant and not reasonably ascertainable by him until the criminal charges were filed in January 2018. The PCRA petition was filed on October 5, 2018, less than one year later, and was therefore timely filed.

The trial court, however, correctly concluded that the PCRA petition did not set forth a sufficient ground for relief and that no hearing was required.

Relief may be granted under the PCRA based on "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). To prevail on such an after-discovered evidence claim, the convicted defendant must prove that (1) the new evidence could not have been obtained at or prior to trial through reasonable diligence; (2) the new evidence is not merely corroborative or cumulative of evidence that was admitted at trial; (3) the new evidence is not being used solely to impeach the credibility of a witness; and (4) the new evidence would likely result in a different verdict. Commonwealth v. Small, 189 A.3d 961, 972 (Pa. 2018); Commonwealth v. Johnson, 179 A.3d 1105,

1123 (Pa. Super. 2018). All four of these requirements must be proved; if the defendant fails to establish any one of these, the after-discovered evidence claim fails. Small, 189 A.3d at 972; Commonwealth v. Padillas, 997 A.2d 356, 363 (Pa. Super. 2010).

The criminal charges against Detective Sherwood cannot satisfy these requirements. Detective Sherwood testified at Appellant's trial that she communicated with Vavrek and was involved in the photo array in which Vavrek identified Appellant as the person whom he saw fleeing the scene with a gun. N.T. Trial, 10/1/10, at 402-10, 415. The criminal charges on which Appellant based the PCRA petition, however, did not relate to Appellant's case, were for conduct that occurred long after Detective Sherwood's investigation and testimony in Appellant's case, and the trial record demonstrated that the conduct alleged in the criminal charges did not occur in Appellant's case.

The criminal charges against Detective Sherwood alleged that she made false statements in two unrelated murder investigations in 2014 and 2015, years after Appellant's trial and conviction. The false statements with which Detective Sherwood was charged concerned whether eyewitnesses to the murder had identified a particular individual and whether individuals who knew a suspect had identified him in photographs from the shooting. Grand Jury Presentment at 1, 3-17.

Here, there is no evidence that any false statements concerning witness identification occurred. Vavrek testified that he identified Appellant from the

photo array that he was shown and he identified Appellant at trial. N.T. Trial, 9/30/10, at 93-94, 106-07, 110. Moreover, Vavrek was cross-examined concerning his viewing of the photo array containing Appellant and his identification of Appellant and there was no evidence that any misconduct occurred in the showing of the photo array to him. Id. at 122-24, 128.

Evidence of a police witness's subsequent misconduct in other unrelated cases does not satisfy the requirements for a new trial based on after-discovered evidence. Johnson, 179 A.3d at 1122-13 (affirming denial of PCRA after-discovered evidence claim based on criminal convictions of police detective who testified at defendant's trial and was involved in questioning a witness who identified the defendant, where convictions occurred years after defendant's trial and arose out of conduct in an unrelated case); Commonwealth v. Foreman, 55 A.3d 532, 534-35, 537 (Pa. Super. 2012) (affirming denial of PCRA after-discovered evidence claim based on criminal charges against police detective who testified at defendant's trial, where charges arose out of conduct in an unrelated case that occurred more than two years after defendant's trial); see also Commonwealth v. Griffin, 137 A.3d 605, 610 (Pa. Super. 2016) (reversing grant of new trial based on after-discovered evidence of misconduct of police officer who testified at defendant's trial where alleged misconduct was in unrelated case); Commonwealth v. Brown, 134 A.3d 1097, 1108-09 (Pa. Super. 2016)

(rejecting after-discovered evidence claim based on interrogating police detectives' misconduct in unrelated cases).

Because the criminal charges do not relate any conduct or facts in Appellant's case, they would at most be relevant only to impeach Detective Sherwood's credibility. Johnson, 179 A.3d at 1123; Brown, 134 A.3d at 1109; Foreman, 55 A.3d at 537. Evidence that is relevant only to impeach the credibility of a witness who testified at trial does not satisfy these requirements and is not sufficient to support the granting of a new trial or PCRA relief based on after-discovered evidence. Johnson, 179 A.3d at 1123; Griffin, 137 A.3d at 610; Commonwealth v. Trinidad, 96 A.3d 1031, 1037 (Pa. Super. 2014).[3]

Moreover, even if Appellant's claim did not fail on that ground, he cannot satisfy the requirement that the new evidence would likely result in a different verdict. The charges against Detective Sherwood had nothing to do with the evidence against Appellant at his trial. See Johnson, 179 A.3d at 1123 (evidence of police detective's conviction would not lead to different verdict

_____

[3] In Small, our Supreme Court recognized that the absolute requirement that the after-discovered evidence not be solely for impeachment has been criticized. 189 A.3d at 976 n.12. The Supreme Court, however, did not overrule its prior precedents in Small and has continued to apply the four-part after-discovered evidence test. Williams, 196 A.3d at 1031 n.9; Small, 189 A.3d at 972. Moreover, the situation here, impeachment of a witness by unrelated misconduct, does not raise the concerns on which the criticism of the absolute requirement has been based. Foreman, 55 A.3d at 538-39 (Wecht, J., concurring).

because "there is no evidence the former detective did anything inappropriate in the instant matter"); Foreman, 55 A.3d at 537-38 (evidence of police detective's misconduct would not lead to different verdict because no nexus was shown between defendant's case and the misconduct that occurred two years later). In addition, Detective Sherwood was a minor witness at Appellant's trial. She was not involved in processing the shooting scene or any of the physical evidence, was not a witness to any events on the day of the shooting and never spoke to Appellant; rather, she was called to testify concerning the reasons for including another person in photo arrays and the arrest of Appellant's co-defendant. N.T. Trial, 10/1/10, at 394-401, 413. Even if her testimony were rejected by a jury, it would not affect Vavrek's credibility and would not negate Vavrek's identification of Appellant or Appellant's fingerprint on the getaway vehicle. See Johnson, 179 A.3d at 1123 (evidence of police detective's conviction would not lead to different verdict because he was a minor witness who merely corroborated another detective's testimony).

Appellant's contention that the trial court erred in failing to hold an evidentiary hearing likewise fails. A convicted defendant does not have an absolute right to an evidentiary hearing on a PCRA petition. Commonwealth v. Hill, 202 A.3d 792, 797 (Pa. Super. 2019); Commonwealth v. Jones, 942 A.2d 903, 906 (Pa. Super. 2008). The purpose of a hearing on a PCRA petition is to allow the defendant to prove the factual claims set forth in his

petition, not to give the defendant an opportunity to discover additional evidence. Griffin, 137 A.3d at 610. An evidentiary hearing on an after-discovered evidence claim "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim." Id. (quoting Commonwealth v. Castro, 93 A.3d 818 (Pa. 2014)).

Where there are no genuine issues of material fact that must be resolved to rule on the claim set forth in a PCRA petition, the court is not required to hold a hearing. Commonwealth v. Maddrey, 205 A.3d 323, 328 (Pa. Super. 2019); Jones, 942 A.2d at 906. Here, there were no genuine issues of fact. The criminal charges showed only misconduct by one witness in unrelated cases several years after trial that were insufficient as a matter of law even if proven at a hearing. No hearing was therefore required. Johnson, 179 A.3d at 1123; Brown, 134 A.3d at 1109.

For the foregoing reasons, we conclude that Appellant was not entitled to relief on his claim of after-discovered evidence and that the trial court did not err in ruling on the PCRA petition without a hearing. Accordingly, we affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2019